# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUAHTEMOC VICTOR URIBE,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A. d/b/a CAPITAL ONE AUTO FINANCE; and DOES 1-10,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 23-cv-01297-H-DDL<br><br>**ORDER GRANTING VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(ii)**<br><br>[Doc. No. 18.] |

On July 14, 2023, Plaintiff Cuahtemoc Victor Uribe ("Plaintiff") filed a complaint against Defendant Capital One, N.A. d/b/a Capital One Auto Finance ("Defendant"). (Doc. No. 1.) On October 17, 2023, Defendant filed a notice of settlement. (Doc. No. 8.) On February 29, 2024, the parties filed a joint notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. No. 18.) The notice requested that Plaintiff's individual claims be dismissed with prejudice and the putative class claims be dismissed without prejudice. (Id.)

Rule 41(a)(1)(A)(ii) permits a plaintiff to voluntarily dismiss an action without a court order so long as the plaintiff files a stipulation of dismissal signed by all parties who

have appeared in the action.[1] Fed. R. Civ. P. 41(a)(1)(A)(ii).  Here, counsel for both parties have signed the notice of dismissal.  (Doc. No. 18.)  Accordingly, the Court dismisses Plaintiff's individual claims with prejudice and dismisses the putative class claims without prejudice, each side to bear its own costs.  The Court instructs the Clerk of Court to close the case.

**IT IS SO ORDERED.**

DATED: March 12, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1]  A dismissal under Rule 41(a) is subject to Federal Rule of Civil Procedure 23(e). See Fed. R. Civ. P. 41(a).  Rule 23(e) provides: "The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. Civ. P. 23(e).  Because no class has been certified in this case or is proposed to be certified as part of Plaintiff's voluntary dismissal, Rule 23(e) does not apply to Plaintiff's request to dismiss the action.  See Lee v. CVS Pharmacy, Inc., No. 320CV01923BENDEB, 2021 WL 308283, at *3 (S.D. Cal. Jan. 28, 2021); Hall v. W. Ref. Retail, LLC, No. 519CV00855VAPSKX, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021); see also Fed. R. Civ. P. 23(e) advisory committee's note to 2003 amendment ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."); but see Albers v. Yarbrough World Sols., LLC, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("The Ninth Circuit has held that Rule 23(e) also applies before certification, but in a much lighter form that does not entail 'the kind of substantive oversight required when reviewing a settlement binding upon the class.'" (quoting Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989)).